UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MILLER-EVANS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KANITA C. WILLIAMS, *et al.*, ) <br> ) <br> Defendants. ) | Case: 1:16-cv-01118 (F Deck) <br> Assigned To : Unassigned <br> Assign. Date : 6/15/2016 <br> Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint.

According to the plaintiff, he was arrested for having indecently exposed himself to a female Metropolitan Police Department officer, "transported to an office building that seemed vacant[,] and placed inside a[n] office[,] and locked inside. *See* Compl. at 5. There, the plaintiff masturbated and the incident was videotaped. *Id.* His defense counsel allegedly forced him to enter a guilty plea on the indecent exposure offense -- "if [he] pled guilty the government would not prosecute the videotaped incident[, and] if [he did not] accept the plea offer," he would be charged with both the indecent exposure and the videotaped offense. *Id.* Police did not arrest the plaintiff for the videotaped offense, however. *Id.*

The plaintiff has brought this action against defense counsel and the Chief of the Metropolitan Police Department under 42 U.S.C. § 1983 for alleged violations of rights protected under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. *See id.* at 1, 5. He demands damages of $600 million. *Id.* at 5.

In relevant part, Section 1983 provides:

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). "To state a claim under [S]ection 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *cert. denied*, 503 U.S. 967 (1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court instructs that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). It follows that civil rights claims against defense counsel under § 1983 – whether against a public defender or a private attorney appointed to represent an indigent defendant – must be dismissed on the ground that counsel are not state actors when representing clients, *see Miles v. Ugast*, No. 98-5347, 1998 WL 929826, at *1 (D.C. Cir. Dec. 9, 1998) (per curiam) (summarily affirming dismissal of § 1983 claims against public defenders), *cert. denied*, 528 U.S. 828 (1999); *Sanders v. Murdter*, 869 F. Supp. 2d 30, 33 (D.D.C. 2012) (finding that "a private lawyer appointed under the Criminal Justice Act . . . is one step removed from the public defender in *Polk County* . . . and still [is] found not to be liable under § 1983"), *aff'd*, 516 F. App'x 4 (D.C. Cir. 2013). Therefore the Court will dismiss the plaintiff's claims against his former defense counsel.

In addition, the Court will dismiss the plaintiff's claims against the Chief of the Metropolitan Police Department. Even if the failure of an MPD officer to arrest the plaintiff for the videotaped incident could be construed as a constitutional violation, the Chief of Police cannot be held liable for the unconstitutional action of her subordinate. Even assuming that the police officer committed a constitutional violation, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983).

The Court will dismiss the complaint because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order is issued separately.

/s/ *[signature]*
United States District Judge

DATE: 6/13/16